IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOSEPH MCCAMISH, )
CHERYL HEADRICK, and )
MARILYN KIMES, )
 )
        Plaintiffs, )
 )
v. ) No. 3:05-CV-501
 )
LAND RESOURCES, LLC, )
 )
        Defendant. )

## MEMORANDUM OPINION

Plaintiffs' amended complaint [doc. 33] advances three causes of action: breach of contract; unjust enrichment/quantum meruit; and retaliatory discharge in violation of Tennessee Code Annotated § 50-1-304, otherwise known as the Tennessee Public Protection Act or the Whistleblower Act ("TPPA"). Now before the court is defendant's partial summary judgment motion [doc. 35], pertaining to the breach of contract and unjust enrichment/quantum meruit claims. Plaintiffs have filed a response [doc. 45], to which defendant has submitted a reply [doc. 49]. For the reasons that follow, defendant's motion will be granted.

I.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If the moving party carries its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

II.

*Background*

The facts material to the instant motion are not in dispute. Each plaintiff was employed as a sales agent for the defendant real estate developer. Plaintiffs procured buyers for certain parcels of land but those sales did not close until after the cessation of plaintiffs' employment. For those sales, no commission was paid pursuant to Sales Associate Agreements previously signed by each plaintiff. The agreements provide in material part,

> In order for Sales Associate to earn a commission the Closing must occur during Sales Associate's employment with the Company. **Commissions are NOT earned upon mere contract execution, contract ratification, acceptance of a deposit or loan approval.** Sales Associate must stay involved during and after the sales process to achieve the satisfactory completion of the sale.

[Doc. 36, exs.1-3] (emphases in original).

III.

*Analysis*

A. Breach of Contract

In their amended complaint, plaintiffs contend that defendant's failure to pay commission on the above-cited sales constitutes "a breach of the terms and conditions of their employment[.]" According to defendant's summary judgment motion, however, no breach occurred because nonpayment was consistent with the terms of the Sales Associate Agreement signed by each plaintiff. The court agrees with defendant, as under Tennessee law the "obligation to pay . . . post-employment commissions may be limited by contract between the parties." *Reid v. Express Logistics, Inc.*, 2001 WL 1516980, at *4 (Tenn. Ct. App. Nov. 26, 2001).

Plaintiffs argue that the Sales Associate Agreement provisions are invalid for lack of consideration and/or lack of mutuality. These arguments are unpersuasive. The actual continued employment provided to plaintiffs was sufficient consideration. *See Cent. Adjustment Bureau, Inc. v. Ingram*, 678 S.W.2d 28 (Tenn. 1984). Because that consideration has been performed, plaintiffs cannot now raise the issue of lack of mutuality. *See Parks v. Morris*, 914 S.W.2d 545, 550 (Tenn. Ct. App. 1995) (citation and quotation omitted).

B. Quantum Meruit

As noted, the amended complaint advances the related alternate theories of unjust enrichment or quantum meruit. "Actions brought upon theories of unjust enrichment

. . . and quantum meruit are essentially the same. . . . They are founded on the principle that a party receiving a benefit desired by him, under circumstances rendering it inequitable to retain it without making compensation, must do so." *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 154 (Tenn. 1966). As defendant correctly points out, however, neither of these theories may be employed when there exists a valid contract between the parties covering the same subject matter. *See Castelli v. Lien*, 910 S.W.2d 420, 427 (Tenn. Ct. App. 1995). The Sales Associate Agreements therefore foreclose plaintiffs' unjust enrichment/quantum meruit claim.

Nevertheless, the court stresses that the granting of defendant's motion only serves to reduce the number of legal theories to be presented to the jury at trial. Unpaid commissions remain a viable component of potential damages under plaintiffs' TPPA claim. *See* Tenn. Code. Ann. § 50-1-304(d)(1).

## C. Conclusion

For the reasons stated herein, defendant's partial summary judgment motion is granted, and plaintiffs' breach of contract and unjust enrichment/quantum meruit claims are dismissed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge